## IN THE U.S. DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| **VINCENT M.  MULE´, JR.** | * |
| **73 Get Around Drive** | |
| **Colora, Maryland 21917** | * |
| | |
| **Plaintiff** | * |
| | |
| **v.** | * |
| | |
| **TROOPER CHARLES L. MYLIN** | * |
| **Maryland State Police** | |
| **2433 W. Pulaski Hwy** | *      **Case No.:**_____ |
| **North East, Maryland 21901** | |
| **(In His Individual Capacity)** | * |
| | |
| **Defendant** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, VINCENT M. MULE´, JR., by his attorneys,

Emanuel M. Levin and Sharon L. Rhodes, and hereby files this Complaint for Relief and

sues Defendant, TROOPER CHARLES L. MYLIN, for money damages and for reasons

state the following:

## INTRODUCTION AND JURISDICTION

1.      At all times relevant herein, the Plaintiff, Vincent M. Mule´, Jr., (hereinafter

referred to as "Plaintiff" ) was and is a resident of Cecil County, Maryland.

2.       At all times relevant herein, Defendant, Trooper Charles L. Mylin

(hereinafter referred to as "Defendant Mylin") is a four-year Maryland State Police

veteran who works road patrol,  was employed by the State of Maryland State Police and

was regularly engaged in such employment in Cecil County, Maryland.

3.      At all times relevant herein, the above named Defendant Mylin was on duty and acting under the color of state law as a law enforcement officer when he performed the acts alleged in this Complaint and, specifically, when he committed the various tortious conduct complained of in this Complaint.

4.      Pursuant to the Annotated Code of Maryland, Courts & Judicial Proceedings Article, §5-304, known as the "Local Government Tort Claims Act", notice of the facts giving rise to this Complaint was properly and timely served upon the appropriate parties to receive such notice.

5.      Pursuant to the Annotated Code of Maryland, State Government Article, Sections 12-101 et Seq., known as the "Maryland State Tort Claims Act", notice was properly and timely provided to the Maryland State Treasurer and specifically the claim and notice requirements of Section 12-106 and 12-107 notice was forwarded twice by certified mail first on December 9, 2013 and received on December 17, 2013 and later on October 17, 2014 and received on or about October 20, 2014.

6.      The events giving rise to this cause of action occurred in Cecil County, State of Maryland .

7.      The amount of this claim exceeds $75,000.00 and this Court has appropriate jurisdiction.  The U.S. District Court for the District of Maryland shares jurisdiction because this case in part presents a federal question under 28 U.S.C. § 1331.

8.      Venue is proper in the U.S. District Court for the District of Maryland.

9.      This case was timely filed within three years from the date of the injuries

2

incurred to the Plaintiff, Vincent M. Mule´, Jr.

## FACTS COMMON TO ALL COUNTS

10.     Plaintiff Vincent M. Mule´, Jr.  adopts and incorporates Paragraph Nos.1 through 9 as if fully set forth herein.

11.     That, on or about November 12, 2013, Vincent M. Mule, Jr., was a lawful resident of Cecil County, Maryland. He maintains a Maryland drivers' licence which was current and was not suspended or revoked.

12.     That on November 12, 2013, he was driving in his neighborhood and was confronted by a deer coming into his lane of travel which he was unable to avoid.

13.     While Plaintiff swerved to attempt to avoid the deer, his vehicle left the roadway and traveled onto his neighbor's lawn,  broke some branches from a few pine trees and became disabled upon the sloping mud of the neighbor's yard.  As a result, Plaintiff was involved in a modest property damage motor vehicle accident and he did not want to further  damage his vehicle by attempting to move it.

14.     Plaintiff promptly attempted to contact the neighbor who owned the property upon which his vehicle was now located.

15.     Plaintiff dutifully complied with his understanding of the law regarding property damage accidents by contacting the neighbor but his neighbor was not home at the time.   Left with no way to reach the neighbor, Plaintiff left a written notice in a conspicuous secured place on the front door of the neighbor's house informing his neighbor, among other things,  of the incident and how Plaintiff could be contacted.

3

16.     With the notice on the neighbor's front door and the vehicle left in the neighbor's  yard, Plaintiff anticipated that the neighbor would return home and contact him so that the car and damages could be discussed.

17.     Plaintiff contacted others in the neighborhood and did contact a tow truck about removing his vehicle.  However, the tow truck company would  not move the vehicle without the permission and knowledge of the neighboring landowner so Plaintiff made other arrangements and left the area.

18.     The neighbor did not return home until much later and entered through his garage and did not see the written note attached to his front door.

19.     The neighbor, not having seen the notice, thereafter made a non-emergency call to the police.  As a result of the call, Defendant Mylin, Maryland State Police, arrived at the motor vehicle accident scene.  As he came to the neighbor's front door, Defendant Mylin saw the written note from the Plaintiff and presented it to the neighbor.  When the neighbor saw the note, he was satisfied that there was no further need for police services and advised Defendant Mylin that he would contact Plaintiff directly.

20.     When the neighbor attempted to call the Plaintiff,  significant time had elapsed since the deer had crossed the path of the Plaintiff.  It was then nighttime and the Plaintiff did not directly receive the neighbor's phone call, which went to his voice mail at approximately 10:30 p.m., November 12, 2013.  The neighbor stated in the  message that he had received the notice, and the two of them would resolve the matter when they next talked in the morning.  The neighbor's message suggested that all was well, the

4

police were aware that the matter had been resolved and that the neighbor and the Plaintiff should consider the matter resolved.

21.     Plaintiff had not heard the neighbor's voice mail message when it initially arrived since Plaintiff had gone to sleep anticipating he would reinitiate contact with his neighbor in the morning to resolve the issue.

22.     Plaintiff has no prior criminal record, is a lawful citizen, fifty-three (53) years of age, and a veteran of the Armed Services who suffers with a prior bodily disability.

23.     However, in direct contradiction with the neighbor being satisfied with the sufficiency of the Plaintiff's written notice, the Plaintiff having complied with the notification requirements concerning a property damage incident and the neighbor and the Plaintiff's clear intention for the matter to be civilly concluded without police intervention, Defendant Mylin took further improper actions to insert himself into a civil matter that was being resolved between the parties.

24.      After several hours had elapsed since Defendant Mylin left the neighbor's home, Defendant Mylin arrived at the Plaintiff's home without any legal basis for contacting Plaintiff.

25.     That Defendant Mylin knew or should have known that he did not have any rational basis to infer that Plaintiff had committed any criminal infraction at the time of the property damage accident, that there was no evidence that the Plaintiff had done any act that required police intervention and there was no warrant executed for Plaintiff's

arrest or other lawful reason for the Defendant to appear on the Plaintiff's premises.

26.    At approximately 2:00 a.m. in the morning on November 13, 2013, while Plaintiff Mule´ was fast asleep, Defendant Mylin began banging on the door of Plaintiff's residence, and awakened Plaintiff who was groggy from sleep and demanded that Plaintiff Mule´come to his front door.

27.    Despite the Plaintiff's willingness to discuss the matter, Defendant Mylin, without warrant or evidence, then entered inside Plaintiff's home, threw Plaintiff against a wall, hit him in his face and body, used mace on Plaintiff in Plaintiff's own home, threw him down on the floor, handcuffed him and continued to strike Plaintiff several times while handcuffed.

28.    Despite the Plaintiff providing no resistance to the unlawful seizure, the Plaintiff having not committing any crime and being awakened from a deep sleep in his own bed, Plaintiff attempts to cooperate with Defendant Mylin were ignored and he continued to suffer additional verbal and physical abuse by said Defendant.  Defendant Mylin also used profanity and called Plaintiff derogatory names.

29.    Without Plaintiff's consent or permission, and Defendant Mylin acting with specific intent to take such action against the Plaintiff, the Plaintiff was transported to criminal processing, processed, and improperly charged with seven (7)  separate criminal and serious traffic charges filed against him by the Defendant Mylin.

30.    Plaintiff was required to obtain, retain and pay for legal assistance to defend against such charges and all of  the criminal charges were  eventually resolved in the

6

Circuit Court of Cecil County on July 17, 2014 with all charges resolved in Plaintiff's favor by way of a nolle prosequi.

31.     That the Defendant Mylin used overwhelming and excessive force.

32.     That as a result of Defendant Mylin's actions, Plaintiff was caused bod ily injury, pain and suffering, mental anguish, embarrassment, fear of incarceration and required to incur costs for medical treatment and other expenses.

33.     That as a result of his injuries due to the improper acts of the Defendant, the Plaintiff has sustained continuing pain and suffering and disability which may be permanent in nature.

34.     That the Defendant's actions were premised on anger and malice or improper motive toward the Plaintiff.

## COUNT I
## (Battery)

Plaintiff, Vincent M. Mule´, Jr. (hereinafter referred to as "Plaintiff")  sues Defendant, Trooper Charles L. Mylin  for Battery and hereby incorporates and realleges Paragraph Nos. 1 through 34 as if fully set forth in this Count I.

35.     That the Plaintiff further states that the Defendant Mylin, intentionally and without the consent of the Plaintiff, offensively touched him in a harmful and offensive manner without legal justification when the Defendant Mylin touched him, pushed him, tackled him, shot pepper spray at him, handcuffed him, etc. without any legal justification and with the intent to cause him harm and which did in fact cause him harm as described

7

above and that as a direct result of which actions, Plaintiff was injured.

36.     That the Plaintiff suffered extreme physical pain and emotional distress prior to, during and after the contact, as the Defendant Mylin performed the acts above described and the Plaintiff was caused to be injured.

37.     That the Plaintiff was caused to incur medical treatment, pain and suffering, mental anguish, embarrassment, potential permanency and other losses and expenses due to the acts of the Defendant Mylin.

WHEREFORE the Plaintiff, Vincent M. Mule´, Jr. , demands judgment in an amount greater than Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, against the Defendant Trooper Charles L. Mylin for Battery.

## COUNT II
## (False Imprisonment)

Plaintiff, Vincent M. Mule´, Jr. sues Defendant Trooper Charles L. Mylin  for False Imprisonment  and  hereby incorporates and realleges Paragraph Nos. 1 through 37 as if fully set forth in this Count II.

38.     The Plaintiff further states that the Defendant Mylin improperly detained the Plaintiff, Vincent M. Mule´, Jr., against his will, without consent and without legal justification.

39.     The Plaintiff states that the Defendant and others whom he directed and acted in concert with forcibly detained the Plaintiff against his will, without consent, and

without legal justification.

40.     As a result of the Plaintiff's illegal detention by the Defendant, Mylin, he suffered economic loss, severe emotional distress, extreme embarrassment, and humiliation; severe physical injury and permanency.

WHEREFORE the Plaintiff, Vincent M. Mule´, Jr. demands judgment in an amount greater than Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, against the Defendant Trooper Charles L. Mylin for False Imprisonment.

## COUNT III
### (False Arrest)

Plaintiff, Vincent M. Mule´, Jr., brings suit against the Defendant Trooper Charles L. Mylin for False Arrest and hereby incorporates and realleges Paragraph Nos. 1 through 40 as if fully set forth in this Count.

41.     The Plaintiff further states that the Defendant Mylin detained and arrested the Plaintiff without legal justification and without probable cause to believe that the Plaintiff had committed any crime for which the Defendant could make a warrantless arrest.

42.     The Plaintiff  did not commit any crime which entitled the Defendant Mylin to arrest him, nor was there probable cause to support his warrantless arrest in this matter.

43.     The Plaintiff suffered financial and economic loss, severe emotional distress, extreme embarrassment, and humiliation as a result of his illegal arrest and

detention by the Defendant Mylin and was caused to seek counsel and had to incur costs of such attorney and other expenses, all of which were caused by the illegal arrest.

44.     That the Plaintiff suffered personal injury, pain and suffering and permanent injury, medical expenses and cost of acquiring counsel as a result of his illegal arrest by the Defendant Mylin.

WHEREFORE the Plaintiff Vincent M. Mule´, Jr. demands judgement in an amount greater than Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, against the Defendant Trooper Charles L. Mylin  for False Arrest.

## COUNT IV
### (Malicious Prosecution)

Plaintiff, Vincent M. Mule´, Jr.,brings suit against the Defendant Trooper Charles L. Mylin for Malicious Prosecution and hereby incorporates and realleges Paragraph Nos. 1 through 44 as if fully set forth in this Count.

45.     That the Defendant Mylin was an armed police officer, who at all times in this matter was on duty and acting in his capacity as a Maryland State Police Officer.

46.     That Defendant Mylin knew at the time of the initial visit to the location of the property damage that the Plaintiff had complied with the law and provided sufficient information to comply with the traffic laws of the State of Maryland and had not violated any law.

47.     That Defendant Mylin also knew that there was no evidence of any criminal

activity at the scene or any evidence that the Plaintiff committed any criminal act and that

his services and that of the Maryland State Police were no longer required or requested.

48.     That notwithstanding such lack of criminality or any basis to take any

further action,  Defendant Mylin  determined to cause the arrest and prosecution of the

Plaintiff.

49.     That  Defendant Mylin caused the Plaintiff to be handcuffed,  arrested,

booked, fingerprinted, photographed and detained for approximately an hour and a half

hour at the Northeast barracks of the Maryland State Police Department at Northeast,

Maryland where Plaintiff was eventually released on his own recognizance.

50.     That the Plaintiff was charged with seven separate traffic and criminal

charges: assault in the second degree, resisting and interfering with arrest, failure to obey

laws, negligent driving, driving or attempting to drive vehicle while under the influence

of alcohol, driving or attempting to drive while impaired by alcohol, and Maryland

Transportation Article 20-103.b failure to return to and remain at scene of accident

involving attended vehicle or property.

51.     That the Plaintiff was required to retain an attorney to provide legal

assistance since the charges could incur significant financial and penal penalties.

52.     That the Plaintiff was required to attend a hearing in District Court and

sought a jury trial on February 7, 2014, prepare Motions to Dismiss and prepare witnesses

for a hearing postponed on March 13, 2014 and eventually have a third hearing scheduled

when  the matter was resolved with all charges dismissed in favor of the Plaintiff on July

17, 2014.

53.     That Defendant Mylin acted without any reasonable grounds to believe in the Plaintiff's guilt and had actual malice without probable cause in causing the arrest of the Plaintiff and in the prosecution of the case.  Malice was the primary purpose of Defendant Mylin in instituting the proceeding against the Plaintiff.

54.     As a result of Defendant Mylin's actions, Plaintiff has suffered and will continue to suffer severe mental anguish, loss of reputation, physical injury, medical and other related expenses and costs of the legal defense he was required to retain.

WHEREFORE the Plaintiff, Vincent M. Mule´, Jr. demands judgement in an amount greater than Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, against the Defendant Trooper Charles L. Mylin for Malicious Prosecution.

## Count V
### (State Constitutional Violation– Article 24 of the Maryland Declaration of Rights)

Plaintiff, Vincent M. Mule´, Jr.,brings suit against the Defendant Trooper Charles L. Mylin for violating his Article 24  constitutional rights and hereby incorporates and realleges Paragraph Nos. 1 through 54 as if fully set forth in this Count.

55.     That the Defendant, Mylin, violated Plaintiff's rights under Article 24 of the Maryland Declaration of Rights by the Defendant's stopping, detaining, seizing, and arresting the Plaintiff as well as imprisoning him and thereby disseizing him of his liberty and privileges, and by his depriving Plaintiff of his liberty, and property, all done without

12

the requisite Due Process of Law to include judgment of his peers or by the law of the land.

56.     The Plaintiff further states that the Defendant Mylin violated Plaintiff's state constitutional rights under Article 24 of the Maryland Declaration of Rights when he pursued, seized, and arrested him without Due Process of Law  and thereby depriving him of his liberty, and freedom  all done without Due Process of Law.

57.     The Plaintiff states that the Defendant Mylin knew that the battery, arrest, detention and prosecution that the Defendant carried out was done without reasonable suspicion or probable cause or belief that the Plaintiff committed any criminal act and that the actions taken against him were  done with knowledge that he had committed no wrong;

58.     That the Plaintiff suffered severe emotional distress, embarrassment and humiliation pain and suffering and severe bodily  injury leading to him requiring medical attention from his being illegally stopped, detained, seized, and arrested without reasonable suspicion or probable cause and from being denied his liberty and freedom without any Due Process of Law.

WHEREFORE, Plaintiff, Vincent M. Mule´, Jr. claims damages against the Defendant Trooper Charles L. Mylin in the amount greater than Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, for violations of his Constitutional Rights provided under Article 24 of the Maryland Declaration of Rights.

13

## COUNT VI
### (Maryland Constitutional Violation -Article 26
### of the Maryland Declaration of Rights)

Plaintiff, Vincent M. Mule´, Jr. brings suit against the Defendant Trooper Charles L. Mylin for violating his Article 26 rights pursuant to the Maryland Declaration of Rights and  adopts and incorporate Paragraph Nos. 1 through 58 as if fully set forth herein .

59.    The Plaintiff further states that the Defendant Mylin violated his state constitutional rights under the Maryland Declaration of Rights when he battered, arrested, detained, imprisoned and prosecuted him without any legal justification.

60.    That the Defendant Mylin's seizure of the Plaintiff was done with excessive force.

61.    That the Plaintiff suffered severe emotional distress, embarrassment and humiliation pain and suffering and severe bodily injury leading to his having medical treatment and permanent injury from having been illegally detained and arrested without probable cause.

WHEREFORE the Plaintiff, Vincent M. Mule´, Jr. claim damages against the Defendant Trooper Charles L. Mylin in an amount greater than Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs, for violations of his State constitutional Rights  guaranteed under Article 26 of the Maryland Declaration of Rights.

## COUNT VII

14

**(Violation of 42 U.S.C. § 1983)**

Plaintiff Vincent M. Mule´, Jr.  brings suit against the Defendant Trooper Charles

L. Mylin for violation of 42 U.S. C. §1983 and  adopts and incorporate Paragraph Nos. 1

through 61 as if fully set forth herein.

62.     That the Defendant Mylin violated the Plaintiff's rights under the Fourth

Amendment to the United States Constitution to be free from unreasonable search and

seizures by arresting, battering,  detaining and prosecuting him as more fully described

above.

63.     That Defendant Mylin  also acted with excessive force against the Plaintiff

when he used force on the Plaintiff without any legal justification.  The attack on the

Plaintiff violated the Plaintiff's due process rights under the Fifth and Fourteenth

Amendment to the United States Constitution.

64.     That the Defendant Mylin determined to violate the Plaintiff's rights under

the U.S. Code, Title 42 § 1983 and such acts were performed while Defendant Mylin was

operating under the color of State Law and while he was acting as an officer of the

Maryland State Police .

65.     The Plaintiff states that the Defendant Mylin acted with actual malice as

described in the aforementioned paragraphs of this Complaint.

66.     This claim for damages and other appropriate relief is brought pursuant to

42 U.S.C. § 1983 for violation of Plaintiff's federal civil rights by  Defendant Mylin,

whose actions were taken under the color of State law.

15

WHEREFORE the Plaintiff Vincent M. Mule´, Jr. claims damages against the

Defendant Trooper Charles L. Mylin  in an amount  greater than Seventy Five Thousand

Dollars ($75,000.00) in compensatory and in punitive damages, plus interest, costs, and

attorneys' fees for violations of constitutional rights guaranteed under U.S. Code, Title 42

§ 1983.

Respectfully submitted,

_____

Emanuel M. Levin
Federal Bar ID No.: 00919
emlevinlaw@aol.com

_____

Sharon L. Rhodes
Federal Bar ID No.: 03929
srhodeslevinlaw@aol.com
201 North Charles Street
Suite 1801
Baltimore, Maryland 21201
Telephone: (410) 727-1999
Facsimile:  (410) 727-1224

Attorneys for Plaintiff        Vincent M. Mule´, Jr.